IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAIN D. MOORE,

    Petitioner,                   No. CIV S-06-0119 GEB GGH P

    vs.

STATE OF CALIFORNIA,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        The petition identifies five grounds for relief: 1) conviction obtained pursuant to an unconstitutional search and seizure; 2) ineffective assistance of counsel; 3) sentence violates the Eighth Amendment; 4) jury instruction error; and 5) the trial court improperly denied petitioner's motion for a new trial.

/////

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

According to the petition, only the first four claims were presented to the California Supreme Court. If this is true, then petitioner has the following options: 1) petitioner may voluntarily dismiss this action so that he may return to state court and exhaust his unexhausted claims[1]; 2) petitioner may voluntarily dismiss his unexhausted claim and proceed only with his four exhausted claims; or 3) petitioner may file further briefing requesting that this action be stayed pending his return to state court to exhaust his unexhausted claim; in this briefing, petitioner must show good cause for his failure to previously exhaust this claim. See Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Within thirty days of the date of this order, petitioner shall review the options

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2

set forth above and inform the court how he wishes to proceed.  Failure to respond to this order will result in a recommendation of dismissal of this action.

DATED:   2/14/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kj
moor0119.101a