IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAIN D. MOORE,

    Petitioner,                       No. CIV S-06-0119 GEB GGH P

    vs.

WARDEN CAMPBELL,               <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's April 6, 2006, motion to dismiss on the following grounds: 1) petitioner named the improper respondent; 2) failure to state a federal claim; 3) failure to exhaust.  The court recommends that respondent's motion be granted in part and denied in part, and orders further briefing regarding exhaustion.

        This action is proceeding on the original petition filed January 18, 2006. Petitioner originally raised five claims for relief: 1) conviction obtained pursuant to an unconstitutional search and seizure; 2) ineffective assistance of counsel; 3) sentence violates the Eighth Amendment; 4) jury instruction error; and 5) the trial court improperly denied petitioner's motion for a new trial.

/////

1

1      On March 7, 2006, the court granted petitioner's motion to voluntarily dismiss
2 claim five as unexhausted. The court also ordered respondent to file a response to the remaining
3 claims.

4      On April 6, 2006, respondent filed the pending motion. Respondent first argues
5 that the petition should be dismissed because petitioner failed to name the proper respondent. "A
6 petitioner for habeas corpus relief must name the state officer having custody of him or her as the
7 respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.
8 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Petitioner has named the State of California as
9 respondent in this action. This is not the proper respondent in this action. On July 7, 2006,
10 petitioner filed a motion to amend the petition to name the proper respondent, i.e. Warden
11 Campbell. Good cause appearing, petitioner's motion is granted and Warden Campbell is
12 substituted as the correct respondent. The motion to dismiss on this ground is denied as
13 unnecessary.

14      Respondent next argues that claim one alleging an unconstitutional search and
15 seizure fails to state a federal claim. Petitioner alleges that a bounty hunter entered his home
16 without a warrant and obtained evidence against him in violation of the Fourth Amendment.
17 "Where the State has provided an opportunity for full and fair litigation for a Fourth Amendment
18 claim, a state prisoner may not be granted federal habeas corpus relief on the ground that
19 evidence obtained in an unconstitutional search and seizure was introduced at trial." Stone v.
20 Powell, 428 U.S. 465, 494, 96 S. Ct. 3037 (1976). Moreover, the Ninth Circuit has held that the
21 relevant inquiry is "whether the petitioner had the opportunity to litigate his claim, not whether
22 he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez,
23 81 F.3d 891, 899 (9th Cir. 1996).

24      Petitioner does not claim that he was denied the opportunity to litigate his Fourth
25 Amendment claim. In his opposition, petitioner states that his lawyer failed to file a motion to
26 suppress. Counsel's failure to file a motion to suppress does not mean that petitioner did not

have the opportunity to litigate this claim. Accordingly, respondent's motion to dismiss petitioner's Fourth Amendment claim should be granted for the reasons discussed above.

Respondent next argues that petitioner's claim alleging that his sentence violated the Eighth Amendment should be dismissed for failing to state a federal claim. Petitioner argues that his sentence of life is disproportionate to the crime. Petitioner's claim that his sentence is disproportionate to the crime states a federal claim. See Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166 (2003); Ewing v. California, 538 U.S. 11, 123 S. Ct. 1179 (2003). Respondent may be urging the court to summarily dismiss the Eighth Amendment claim in that it wholly lacks merit. See Rules for § 2254 Cases, Rule 4. In this respect, respondent is correct. Petitioner was convicted, pursuant to Cal. Penal Code § 664 of attempted, willful deliberate and premeditated murder. The penalty specified by the statute is life imprisonment with the possibility of parole. Under no construction of established Supreme Court authority could this penalty be found disproportionate to the crime – regardless of the mitigating circumstances petitioner would urge the court to consider. The claim should be summarily dismissed.

Respondent next argues that petitioner's Eighth Amendment and ineffective assistance of counsel claims are not exhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In his July 7, 2006, opposition, petitioner admits that his claims alleging an Eighth Amendment violation and ineffective assistance of counsel are not exhausted. Petitioner states that on June 6, 2006, he filed a habeas corpus petition in the California Supreme Court raising

these claims. Petitioner requests an "extension of time" until the California Supreme Court decides his petition.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005), the Supreme Court held that a habeas petition may only be stayed for further exhaustion if the petitioner can show good cause for his failure to first exhaust his claims in state court. Petitioner's opposition does not address the issue of good cause. Accordingly, the court will vacate the portion of respondent's motion to dismiss alleging failure to exhaust and grant the parties an opportunity to brief the issue of whether this action should be stayed pursuant to <u>Rhines v. Weber</u>. If the court does not find that petitioner has demonstrated good cause for his failure to exhaust all of his claims prior to filing this action, the court will recommend dismissal of the ineffective assistance of counsel claim, and this action will proceed only as to the jury instruction error claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 7, 2006, motion to amend is granted; Warden Campbell is substituted as the respondent;

2. The portion of respondent's April 6, 2006, motion to dismiss alleging failure to exhaust is vacated; within twenty days of the date of this order, petitioner shall file further briefing addressing good cause for his failure to exhaust his ineffective assistance of counsel claim prior to bringing this action; respondent may file a reply within ten days thereafter;

IT IS HEREBY RECOMMENDED that respondent's April 6, 2006, motion to dismiss petitioner's Fourth Amendment claim be granted; respondent's motion to dismiss petitioner's Eighth Amendment claim for failing to state a federal claim be denied; however, the Eighth Amendment claim should be summarily dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file

/////

written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 9/1/06                           /s/ Gregory G. Hollows

                                        _____
                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

ggh:kj
mo119.mtd