IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAIN D. MOORE,

    Petitioner,               No. CIV S-06-0119 GEB GGH P

    vs.

WARDEN CAMPBELL, et al.,

    Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed January 18, 2006. Petitioner originally raised five claims for relief: 1) conviction obtained pursuant to an unconstitutional search and seizure; 2) ineffective assistance of counsel; 3) sentence violates Eighth Amendment; 4) jury instruction error; and 5) trial court improperly denied petitioner's motion for a new trial.

        On March 7, 2006, the court granted petitioner's motion to voluntarily dismiss claim five. On November 3, 2006, the court dismissed claims 1 and 3.

        On September 1, 2006, the court issued an order finding that claim 2 was not exhausted based on petitioner's representation in his July 7, 2006, pleading that he had a habeas corpus petition pending in the California Supreme Court raising this claim. The court ordered

1

petitioner to file briefing within twenty days addressing whether he had good cause for failing to exhaust this claim in state court prior to bringing this action. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(a habeas petition may be stayed for further exhaustion if the petitioner can show good cause for his failure to first exhaust claims in state court).

Twenty days passed and petitioner did not file a response to the September 1, 2006, order for further briefing. Accordingly, on January 11, 2007, the court ordered petitioner to show cause for his failure to file a response. On January 19, 2007, petitioner filed a response stating that he addressed the issue of good cause in his objections to findings and recommendations filed September 12, 2006. Good cause appearing, the show cause order is discharged. The court construes petitioner's objections to contain a request that this action be stayed pending exhaustion of the ineffective assistance of counsel claim.

In his objections, petitioner states that he believed that all of his claims were exhausted. Petitioner also states that he has limited knowledge of the law and suffers from a life long seizure disorder, which affects his cognitive abilities.

Petitioner's claim that he believed he exhausted all claims before filing this action is inconsistent with his representation that he had a habeas corpus petition pending in the California Supreme Court. In other words, if petitioner knew he had a habeas petition pending in the California Supreme Court in July 2006 which raised some of the claims raised in this action, then he must have known that not all claims were exhausted. Accordingly, the court finds that petitioner has not shown good cause for his failure to exhaust his ineffective assistance of counsel claim prior to bringing this action.

Because this action is proceeding on an exhausted claim (jury instruction error) and an unexhausted claim (ineffective assistance of counsel), petitioner has two choices as to how to proceed. He may either 1) dismiss this entire action; 2) dismiss the unexhausted claim and proceed on the exhausted claim only. If petitioner chooses to dismiss this entire action and refile it once all claims are exhausted, he must keep in mind that there is a one year statute of

limitations for federal habeas corpus petitions. 28 U.S.C. § 2254(d)(1). Within ten days of the adoption of these findings and recommendations by the district court, petitioner shall inform the court how he intends to proceed. If the district court does not adopt these findings and recommendations, the court will issue further orders.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request to stay this action pending exhaustion of his ineffective assistance of counsel claim be denied; within ten days of adoption of these findings and recommendations, petitioner inform the court as to how he intends to proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/2/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

mo119.dis